JOHN WEIMEISTER, GARNISHEE OF JOSEPH FINSTERWALD v. JACOB SINGER AND HENRY BENEDICT.

*Garnishment on transcript of judgment.*

Act 256 of 1879, allowing process in garnishment to be issued after judgment "in all personal actions arising upon contract, expressed or implied, brought in the several circuit courts or municipal courts of civil jurisdiction," and on "any judgment or decree rendered in any of the several courts hereinbefore mentioned," is meant only to cover cases in which the process could not have been issued before judg-

ment, and does not apply to justices' courts but only to courts whose jurisdiction is similar to that of circuit courts.

A transcript of a justice's judgment filed in the circuit court, is not a judgment rendered in the circuit court.

Error to Mason. Submitted Oct. 7. Decided Oct. 20.

GARNISHMENT. The garnishee brings error. Reversed.

*White & McMahon* for plaintiff in error.

*C. G. Wing* for defendant in error.

CAMPBELL, J. This case was argued with another in which one of the questions arose which is shown by this record. The cases however differ in an important particular, and they cannot be disposed of in one decision.

In this case garnishee process was sworn out in the circuit court for the county of Mason, and served in the county. The garnishee made a disclosure completely denying anything which could make him liable. This was January 14, 1880.

On the 19th of January, 1880, demand was filed for the · examination of the garnishee on oath before R. B. Gibson, circuit court commissioner of Mason county. On the same day a copy of the demand was annexed to a notice to Weimeister directed to him at Howell, in Livingston county, requiring him to appear before Gibson, at his office in Mason county, on January 31, at 10 o'clock A. M. This was served on Weimeister by the under-sheriff of Livingston county, on the 22d of January.

Weimeister did not appear, and judgment was rendered by default.

This garnishee proceeding is based, not on a suit or judgment in the circuit court, but on a transcript of a justice's judgment on file in the circuit court. The statute (Pub. Acts 1879, p. 269) allows such proceedings " in all personal actions arising upon contract, expressed or implied, brought in the several circuit courts or municipal courts of civil jurisdiction," and on " any judgment or decree rendered in any of the several courts hereinbefore mentioned." This statute

is amendatory of an act which is confined by its title to circuit courts and to the district courts. of the Upper Peninsula. It could apply, therefore, to no municipal courts but those whose jurisdiction is similar to that of circuit courts.

While for certain purposes a transcript of a justice's judgment has the effect of a circuit court judgment, it would be an abuse of terms to call it a judgment rendered in a circuit court. The amendment of 1879 allowing garnishee process after judgment in the manner pointed out, is merely designed to cover cases in which it could have been issued before judgment. This could not have been done under this statute on proceedings before a justice.

The whole proceeding therefore is void, and the judgment must be reversed with costs.

The other Justices concurred.